**Leroy P. STANLEY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 94–32T.**

United States Court of Federal Claims.

July 23, 1996.

---

### ORDER

MARGOLIS, Judge.

On May 15, 1996, plaintiff filed a motion asking this court to amend its May 1, 1996 opinion in this case, *Stanley v. United States,* 35 Fed.Cl. 493 (1996), to allow post-judgment interest on the amount awarded plaintiff and to award costs to plaintiff. The May 1, 1996 opinion included no directions as to post-judgment interest and directed each party to bear its own costs. For the following reasons, this court denies plaintiff's motion.

### I. Post–Judgment Interest

 Post-judgment interest on a claim against the United States is governed by statute. 28 U.S.C. § 2516 provides: "Interest on a claim against the United States shall be allowed in a judgment in the United States Court of Federal Claims only under a contract or Act of Congress expressly providing for payment thereof." Interest is generally awarded as a matter of right on a judgment in a civil case in federal district court. 28 U.S.C. § 1961(a). However, § 1961 pro-

vides special rules for cases involving internal revenue taxes and cases in this court. Section 1961(c) provides:

> (1) This section shall not apply in any judgment of any court with respect to any internal revenue tax case. Interest shall be allowed in such cases at the underpayment rate or overpayment rate (whichever is appropriate) established under § 6621 of the Internal Revenue Code of 1986.

> . . . . .

> (3) Interest shall be allowed, computed, and paid on judgments of the United States Court of Federal Claims only as provided in paragraph (1) of this subsection or in any other provision of law.

Thus, unlike federal district courts, whose judgments bear interest as judgments pursuant to § 1961(a), judgments rendered by this court bear interest only if, and to the extent that, there exists a provision of substantive law granting interest with respect to the underlying claim. Accordingly, interest is paid on an overpayment or underpayment of tax because provisions of the Internal Revenue Code command the payment of interest on underpayments and overpayments.

Although this court found in its May 1, 1996 opinion in this case that the erroneous refund to plaintiff was "a refund with respect to 'a tax imposed by this title'" *Stanley,* 35 Fed.Cl. at 500, neither the underpayment rate nor the overpayment rate "is appropriate," because the amount recovered by plaintiff is neither an overpayment nor an underpayment of federal tax: it is the return of a cash bond, with respect to which no interest is due. *Charles Leich & Co. v. United States,* 165 Ct.Cl. 127, 329 F.2d 649, 653 (1964). Plaintiff is therefore not entitled to post-judgment interest in this case.

### II. Costs

 Rule 54(d) of the Rules of the United States Court of Federal Claims provides that "costs shall be allowed as a matter of course to the prevailing party ... unless the court otherwise directs; but costs against the United States shall be imposed only to the extent permitted by law."

Other circuits have held that the trial court should articulate a reason for failing to award

costs. *Gilchrist v. Bolger,* 733 F.2d 1551, 1557 (11th Cir.1984) ("[T]he prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome that presumption.... [since] denial of costs ... is in the nature of a penalty for some defection on his part in the course of the litigation ... Every circuit that has considered the question (ten out of twelve) has not only *recognized* the presumption [that prevailing parties will obtain costs], but has held that a court may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so." (quotation marks omitted) (emphasis in original)); *Delano v. Kitch,* 663 F.2d 990, 1001 (10th Cir.1981) (Trial court's order that each party pay its own costs reversed as trial court's reason was invalid); *Constantino v. American S/T Achilles,* 580 F.2d 121, 123 (4th Cir.1978) (District court's order denying costs to prevailing party vacated because no reason given).

Although plaintiff here is entitled to the judgment awarded as a matter of law, plaintiff's award differs from the typical award of compensation for damages suffered by a plaintiff. Plaintiff simply was the recipient of an erroneous refund due to an Internal Revenue Service computer error, which was not timely recovered by the Service in the manner provided by Congress. To award plaintiff costs in addition to this windfall is unwarranted and inappropriate.